UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL OPREA, | ) | CASE NO. 1:09CV493 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| CITIFINANCIAL MORTGAGE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (ECF DKT #3) of Defendant Citimortgage, Inc., successor by merger to CitiFinancial Mortgage Company, Inc., to Dismiss Plaintiff's Complaint. For the following reasons, Defendant's Motion is granted.

**I. BACKGROUND**

On March 5, 2009, more than two years after a Decree of Foreclosure was entered against Plaintiff and in favor of Defendant Citimortgage, Plaintiff *pro se* filed this Complaint, alleging Citimortgage breached the terms of the Mortgage Note and defrauded him by doing so. Plaintiff alleges Citimortgage paid delinquent property taxes owed to the Cuyahoga

County Treasurer and added that amount to the principal balance owed on the Note without Plaintiff's consent. He further alleges Citimortgage demanded repayment; and when Plaintiff failed to do so, Citimortgage foreclosed on the property. On March 24, 2009, Citimortgage filed a Motion to Dismiss on the basis that Plaintiff's claims are barred by the doctrine of *res judicata*. In addition, the terms of the Mortgage allowed Citimortgage to pay any delinquent taxes and add the sums paid to the principal balance. Furthermore, Plaintiff failed to plead his claim for fraud with the particularity required by the Federal Rules of Civil Procedure. No opposition brief has been filed.

## II. LAW AND ANALYSIS

### Standard of Review

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.* Any further review by this Court would be an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## III. CONCLUSION

Plaintiff *pro se*, Daniel Oprea, has not filed an opposition brief containing any legal arguments or disputed facts. Accordingly, the Motion of Defendant Citimortgage, Inc. is granted and the captioned case is dismissed with prejudice.

IT IS SO ORDERED.

DATE: 5/4/09

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge